# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-00-CR-50(3) JRN |
| | § | |
| CHRISTOPHER COLEMAN | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on January 13, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On February 20, 2001, the Defendant was sentenced by Judge Nowlin to 84 months of imprisonment and five years of supervised release for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The Defendant's supervision commenced on March 27, 2006.

After only four months on supervision, the Defendant was arrested by APD officers and charged with burglary of a habitation, after an incident that appears to have been quite similar to the original incident that led to the Defendant's underlying conviction, with the major exception being

that the Defendant was shot five times in the more recent incident.  Ultimately, the Defendant pled guilty to attempted burglary of a habitation, and was sentenced to 4 years in the Texas Department of Corrections.  He has a projected release date of July 14, 2010.  Further, on June 5, 2006, the Defendant submitted a urine specimen while on supervision that tested positive for amphetamines.  Based on the new arrest and the positive test result, on July 26, 2006, the Probation Office submitted its petition alleging the Defendant had violated the conditions of his supervision, and a warrant was authorized by the undersigned that same date.

The Defendant was transferred into federal custody on December 21, 2009, and on January 13, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant. The Defendant did not deny that he had been convicted of attempted burglary of a habitation, or that he had tested positive for the use of a controlled substance. He did not fully agree with the Government's summary of the evidence regarding the incident that led to the Defendant's arrest.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) committing a new state law violation, specifically, attempted burglary of a habitation; and (2) by testing positive for the use of a controlled substance.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 24 to 30 months of imprisonment. The Court has considered all of the above. The Court has also taken into account the fact that two other people were shot in the

incident, including a friend of the Defendant who was killed. Thus, the new offense was a serious offense, and it took place only four months after the Defendant was released from an 84-month sentence for brandishing a firearm during a crime of violence (a home invasion robbery). The Court has also considered the fact that the Defendant has spent nearly four years in TDC since that time, and that he was shot five times and nearly lost his life in the incident that led to the new charge. Finally, the Court notes that the Defendant is still a young man at 29 years-old, and that his criminal history is only a I.

From all of this, the Court believes that the appropriate sentence must balance the seriousness of the offense with the need for the Defendant to receive additional supervision to give him an opportunity to make good on his stated intention to take an entirely different approach to life than he has taken in the past. ACCORDINGLY, the undersigned RECOMMENDS that the Defendant be sentenced to 36 months of imprisonment, with 24 months of supervised release to follow. The Court FURTHER RECOMMENDS that this sentence run concurrent with the remainder of the Defendant's state attempted burglary sentence.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE